(October 25, 1965)

■ In the Matter of the Claim of HARRY A. WILLIAMS, Respondent, v. CHARLES M. BOWERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for a stay granted unless respondent Workmen's Compensation Board shall, within 15 days after receipt of the order to be entered herein, move to dismiss the appeal on the ground it has decided to re-examine the claim and upon the return of such motion appropriate directions shall be made as to the disposition of the appeal now pending. (*Matter of Hutton* v. *Ford Motor Co.*, 3 A D 2d 169; *Matter of Piekut* v. *Philip Fleischer, Inc.*, 276 App. Div. 702.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

(October 29, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD LEE CHUMLEY, Appellant.— MEMORANDUM BY THE COURT. The proof of the commission of rape in the first degree adduced from the victim, a mentally retarded child of 15, was amply supported by "other evidence" (Penal Law, § 2013), including medical proof of a recent rupture of the hymen and resultant bleeding, and medical proof that the girl was incapable of consent. (See *People* v. *Masse*, 5 N Y 2d 217, 219.) The identification of defendant by the victim was also strongly supported by other evidence. The corroborative factors included defendant's contradictory statements; his employment, upon stopping his car to accost young girls on occasions before and after the crime, of the same subterfuges used to entice the complaining witness into his automobile (see *People* v. *Molineux*, 168 N. Y. 264, 293, 314); and the identification of the automobile itself. Appellant's additional assignments of error have been examined and found without merit. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.